UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Erin Evanson,

        Plaintiff,

v.

Valentine & Kebartas, Inc.,

        Defendant.

Civil Action No.: _____

## COMPLAINT

For this Complaint, the Plaintiff, Erin Evanson, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

3. Plaintiff, Erin Evanson (hereafter "Plaintiff"), is an adult individual residing at 4119 Greek Village, Tampa, Florida 33620, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.  Defendant Valentine & Kebartas, Inc. (hereafter "Defendant"), is a foreign Massachusetts corporation with a principal place of business at 15 Union Street, Lawrence, Massachusetts 01840, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.  The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6.  Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.  Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8.  The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9.  The Defendant used abusive and profane language when speaking with the Plaintiff, in violation of 15 U.S.C. § 1692d(2).

10. The Defendant accused the Plaintiff of "fraud" due to her failure to pay and threatened legal consequences, in violation of 15 U.S.C. § 1692e(4).

11. The Defendant then stated that the Plaintiff would be referred to the sheriff's office in order to pursue a lawsuit, in violation of 15 U.S.C. § 1692e(5).

12. The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. The Defendant used abusive and harassing language, in violation of 15 U.S.C. § 1692c(a)(1).

15. The Defendant informed the Plaintiff that nonpayment of her debt would result in accusations of fraud against her, in violation of 15 U.S.C. § 1692e(4).

16. The Defendant threatened to take legal action with no intent of pursuing such action, in violation of 15 U.S.C. § 1692e(5).

17. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

18. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
### VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT,
### M.G.L. c. 93A § 1, *et al.*

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendant employed unfair or deceptive acts to collect the debt, in violation of M.G.L. c. 93A § 2.

21. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 3A and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## COUNT III
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

24. Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

25. Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with frequent telephone calls several times per day.

26. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

27. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

28. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

29. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

5. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

6. Punitive damage; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April ___, 2009

Respectfully submitted,

By _____

Sergei Lemberg
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorneys for Plaintiffs
B.B.O. No. 650671